RECEIVED BY MAIL
FEB 25 2022
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

STATE OF MINNESOTA         IN DISTRICT COURT

COUNTY OF CARLTON        SIXTH JUDCIAL DISTRICT

File Nunber:=8193227-0

**AMENDED COMPLAINT**

**CIVIL RIGHTS UNDER 42 U.S.C. §1983**

Dale Allen Lindsey

    Plaintiff,

22cv413NEB/HB

Vs.

Terry Kneisel; MSOP-Moose Lake Facility Director;

Scott Benoit; Office of Special Investigation Supervisor; Thane Murphy, Office of Special Investigation; Jordan Goodman Program Manager; Allison M, Immel; BER Staff, Beth Anderson; Therapist; Phillip Olson; Unit Director; 1C ; Scott Giannini ; Unit Director 1E., ~~Rebecca Skur; 1B Clinical Supervisor[1]~~; Kristi L, Wagner, Unit Director 1B  Sarah Herrick Therapist 1B

.

    Defendant.

SUED IN THEIR INDIVIDUAL AND OFFICAL CAPCITIES.

## INTRODUCTION

1. This is a Civil Rights Action filed by Plaintiff who is involuntarily civilly committed to the care and custody of the state of Minnesota, Department of Human Services ("DHS") at the Minnesota Sex Offender Program ("MSOP") for an indeterminate term.
2. Defendants, Terry Kneisel, Scott Benoit, Jordan Goodman, Thane Murphy, Phil Olson, Scott Giannini, Kristi Wagner, Unit Director 1B Sarah Herrick 1B Therapist, Beth Anderson, Allison M, and Immel   are all employees of DHS/MSOP at the time Plaintiff's Constitutional rights were violated. All

---

[1] Removed Rebecca Skurr, 1B Clinical Supervisor.

1

Defendants fail to protect Plaintiff from being viciously assaulted by roommate. ( Shannon Hollie) Plaintiff seeks monetary, compensatory damages against Defendants in their individual capacities only. Plaintiff seeks declaratory and injunctive relief against Defendant in their official capacities only. Defendant, under the Color of Law, deprived Plaintiff of his rights, privileges and immunities secured by the Fourth (Illegal search and seizure) and Fourteenth Amendment (failure to protect and due process) right to the Constitution.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §343(a) (3) and as Plaintiff alleges, pursuant to 42 U.S.C. §1983 that Defendant, under the Color of Law, deprived Plaintiff of his right, privileges and immunities secured by the Fourteenth Amendment (failure to protect and due process) rights the United States Constitution Pursuant to 28 U.S.C. §1367, this Court has supplement jurisdiction over Plaintiff's claims which affirmatively state Defendants violated his rights under the United States Constitution. Such claims are so related to this §1983 claims they form part of the same case and controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as Defendants reside in this District and all the events and omission giving rise to claims occurred in this District.

## DECLARATORY AND INJUNTIVE RELIEF

5. This Court has authority to grant compensatory and declaratory relief pursuant to 28 U.S.C. §2201 as an actual controversy exists regarding the rights, privileges and immunities to which Plaintiff is entitled. Moreover, pursuant 28 U.S.C. §2201, this Court has authority to grant injunctive relief and any other necessary and proper relief that is deemed just and proper by the Court.

## PARTIES

6. Plaintiff has been indefinitely involuntarily civilly committed to the Minnesota Sex Offender Program (MSOP).

7. Defendants are as follows:

(a) The Department of Human Services is the agency responsible for overseeing the running of Minnesota Sex Offender Program and protecting the clients rights and as such is responsible for policies, and procedures, and practices implemented through its various agencies. The Commissioner nor DHS are Defendants in this action, at this time.

(b) Terry Kneisel; is the Facility Director of the Minnesota Sex Offender Program- ML, located at: 1111 Highway 73, Moose Lake, Minnesota 55767-9452.

(c) Jordan Goodman an employee of the Minnesota Sex Offender Program, as a Program Manager, located at: 1111 Highway 73, Moose Lake, Minnesota, 55767- 9452.

(d) Scott Benoit; is the supervisor of the Office of Special Investigations (OSI) at Minnesota Sex Offender Program located at 1111 Highway 73, Moose Lake, Minnesota 55767- 9452.

(e) Thane Murphy an agent for Minnesota Sex Offender Program as a Minnesota Office of Special Investigation located at; 1111 Highway 73, Moose Lake, Minnesota 55767-9452

(f) Phillip Olson an employee of the Minnesota Sex Offender Program as Unit Director of the 1C Unit located at; 1111 Highway 73, Moose Lake, Minnesota 55767-9452

(g) Scott Giannini an employee of Minnesota Sex Offender Program as Unit Director of the 1E Unit located at; 1111 Highway 73, Moose Lake, Minnesota 55767- 9452

(h) Beth Anderson is an employee of the Minnesota Sex Offender Program as a Therapist located at; 1111 Highway 73, Moose Lake, Minnesota 55767-9452

(i) Allison Immel is an employee of the Minnesota Sex Offender Program located at 1111 Highway 73, Moose Lake, Minnesota 55767-9452

(j) Kristi L, Wagner is an employee of the Minnesota Sex Offender Program located at 1111Highway 73, Moose Lake, Minnesota 55767-9452

(k) Sarah Herrick is an employee of the Minnesota Sex Offender Program located at 1111Highway 73, Moose Lake, Minnesota 55767-9452

## COMPLAINT

8. At all times relevant in the complaint, all named Defendants were/are employees of DHS/ MSOP.

9. **See also IR #2021027859** On October 22, 202, at approximately 11: 00 am Plaintiff yelled from in front of his room down to the staff station for security council Teresa Johnson to open his door and let him in as he had left his I.D. and key in his room **See Exb. foot note**[2] and roommate wouldn't open the door and let him in on the top tier. When Staff cycled the door from the security screen when door open Plaintiff walk pass roommate to his bed and pick up his I.D. and Key as Plaintiff turn around to exit his room he was viscously attacked and sucker punch in his mouth by roommate (Shannon Hollie) Plaintiff was also was sucker punch two more times which one of the punches was while Plaintiff was talking with an A-Team member (Sam Brindamour) on top of the tier that cause client to push into Sam Brindamour (A-Team Staff) Also Plaintiff was toss into the railing on the top tier while trying to defend himself from the assault by roommate. **See Exb.**[3] A- Team separate Plaintiff and roommate putting them in separate team rooms. Plaintiff was look at and pictures were taken of injuries. This assault was a direct attack on the Plaintiff by failure of MSOP, Which the Defendants failed to take any corrective action when knowing that a roommate form hadn't been done and both plaintiff and roommate were in total disagreement to living together and numerous request and verbal conversation and a meeting with Unit Director Kristi Wagner when roommate made a verbal threat that he wouldn't be responsible for what happen in the room at that point Plaintiff was force to roommate with Client Shannon Hollie who assaulted Plaintiff. Also a meeting took place with

---

[2] **As I.D. and Key is required to have when out of room. See Client I.D. badge Identification badges, (Movement inside secure perimeter). Displaying of identification badge at all times on front upper torso clearly visible to staff when outside of his/her room (MSOP Division Policy 415-5062), MN. Stat. § 246.014 Subd. (d)**
[3] See and review cameras of assault Plaintiff had a busted lip that had to have a stich to stop the bleeding that wouldn't stop bleeding blood on the inside of mouth swallow eye from one of the sucker punches and also bruising on left upper arm. (See ExB.2 Incident Report#: 2021027859 on 10/22/2021 11:00 am. also **See and review pictures taken on 10/22/2021 at 11:22 am. And 10/28/2021 at 9:05 am.**)

4

Program Manager Jordan Goodman and a verbal conversation with Terry Kneisel before and after the assault about this being both unhealthy and an unsafe situation for the Plaintiff. Unit Director Olson, and Giannini and Marczak (A Team member responded to the unit. It was decided after reviewing cameras to move Plaintiff and roommate to unit Omega. Pictures were taken of Plaintiff injuries and of room 214 which is where the assault took place. Health Services responded to the unit to evaluate Plaintiff and offer first aid to Plaintiff which he was later transported to Essentia Emergency where Plaintiff was seen. [4] **Exb.3 Essentia Medical Report.** Defendants Kneisel, Benoit, Murphy, Giannini, Olson, Goodman, Immel, Peterson, in their individual and official capacity violated Plaintiff's Fourteenth Amendment (failure to protect) rights resulting in Plaintiff being viciously assaulted by another **Client See Exb.**[5]

10. Plaintiff return from Essentia Emergency Plaintiff was issue a Behavioral Expectations Report (BER) for Assault # 030 Disorderly Conduct # 100 and Failure to Comply # 150 See Exb5.[6] Summary of Finding: from hearing and the facts surrounding this incident was clearly proven that Defendants Kneisel, Murphy, Goodman, in their individual and official capacity, violated Plaintiff's Fourteenth Amendment (failure to protect) rights resulting in Plaintiff being viciously assaulted by another Client (Shannon Hollie ) who is also a defendant in this law suit. Plaintiff made numerous attempts to call both Moose Lake Police and Carlton County Sheriff's Office a call place on 10/25/2021 at 14:25 11/9/2021 8:40 am by CRC Ennis, and also call to Carlton County Sheriff's Office on 10/25/2021 by Plaintiff to try and press charges. **Exb**[7] O.S.I. Agent Murphy on 10/25/21 responded to the

---

[4] Please see: (Exb.3 Essentia Medical report by Williams, Michael L, MD ED Provide Notes Pages 1of 3 on 10/22/2021 1:15 PM).

[5] RUIZ V. Estelle,503 F. Supp 1265 (1988)
   State Officials have a duty to protect individuals from violence and reasonable fear of violence (Constitutional Amendment 14

[6] Behavioral Expectations Report-Hearing Finding (BER# 20211022-0011) during deliberation, the panel (Review Video) of this. It was determined Client Lindsey (Plaintiff) did not "Throw any Punches as Scott Giannini and Phillip Olson both stated in there incident report, and the panel amended the violation 030 Assault to 045 Boundary Violation for shoving a staff member (Sam E. Brindamour) A-Team, affirmed the violation 100 Disorderly Conduct and Dismissed the violation 150 Failure to Comply. (Client Lindsey (Plaintiff) was commended for coming to the hearing and appropriately expressing his side of the incident. Plaintiff was encouraged to move forward from this incident. Please see pictures from assault Exb.5

[7] Exb from CARLTON COUNTY SHERIFF'S OFFICE Incident 10/25/2021 File # CA21001371 Offence VICTIM- ASSAULT- 5TH Deg-inflict or Attempt Bodily Harm (see attached) Report was referred to MSOP Investigations. Please contact them for any additional information.

1st of 3 request stating I had received Medical attention also dated 10/25/2021 and 2nd request sent by Plaintiff to try and place chargers Defendant Murphy's Response was **(After reviewing the incident, video, and incident report, It does not meet criteria per policy to warrant an OSI. Investigation).** On 11/1/2021 Defendant Murphy responds to 3rd request stating to Plaintiff to read the O.S.I. INTELLIGENCE PROCESS Direct Care and Treatment **See Exb.**[8] OSI. Agent Thane Murphy, Scott Benoit, Jordan Goodman, in their individual and official capacity, violated Plaintiff's Fourteenth Amendment (failure to protect ) resulting in Plaintiff being viciously assaulted by another client which is under policy of OSI DCT Policy Number:145-1020/DCT Policy 145-1010 Investigations Involving Criminal Activity.

11. At Plaintiff hearing it was proven that Plaintiff didn't assault anyone and that the shoving of A-Team staff Sam Brindamour was totally an accident adrenaline rush from being assault while explaining to A-Team staff Brindamour there is video that prove and support this as well. Defendants Kneisel, Benoit, Murphy, Goodman, Immel, Giannini, Olson all new this was an accident as they all had look at the video and even A-Team staff Brindamour said this was totally an accident and this happen from the adrenaline of being hit in the face as Plaintiff was talking to him. In their individual and official capacities, violated plaintiff's Fourteenth Amendment right by failing to protect Plaintiff from being assaulted.

12. Defendants, Murphy, Benoit, Kneisel, Goodman Olson, Giannini, Immel, and Peterson, fail to protect despite knowing that Plaintiff was force to live with ~~the Defendant~~ [9](Shannon Hollie) without doing a roommate form to see if OSI would approve us to live together, Defendants (fail to protect) when knowing ~~Defendant~~[10] (Shannon Hollie) had a history of fighting and making threats to hurt Plaintiff if force to move in Plaintiff room. Plaintiff was further punished by Defendants Kneisel, Goodman, Peterson, as Plaintiff lost his tier three status which cause him to lose his job wages when

---

[8] O.S.I. Intelligence Process Direct Care and Treatment. DCT Policy 145-1020 "OSI Provides information to law enforcement regarding criminal activities involving client, employees, volunteers, and citizens as authorized by state and federal law per <u>DCT Policy 145-1010 , ''Investigations Involving Alleged Criminal Activity.''</u> See all request and responses from Defendant as part of Exb.7

[9] Removed Defendant.

[10] Removed Defendant.

6

he should have never lost it because he was the one that got viciously assaulted and attack and had to go to a hearing and video clearly showed no wrong doing on his part and the charges were Dismissed so there was no reason for Plaintiff to have been punished and loss of tier and job. This is clearly a violation and violated Plaintiff Fourteenth Amendment (due process) rights.[11]

13. The assault was violent and happen because roommate wouldn't open the door and allow Plaintiff to get his key and Id. When staff cycled his door to enter his room he was attacked, after reviewing all of this from video all Defendants mention in this fail to protect and refuse to process due process and press any charges and O.S.I also lied and try to say Plaintiff threw punches when clearly video showed Plaintiff did not. Also Defendants Thane Murphy, Terry Kneisel, Jordan Goodman, Scott Benoit all fail to protect and fail to take any corrective action and fail to protect Plaintiff from being viciously assaulted as Plaintiff was force to live with client without O.S.I. or Administration following roommate policy to see if the two clients were compatible to live together to client history and the fact it was verbally express that this was a unsafe situation [12] **Client Treatment Record #210-5120a-3060A (11/4/2021) Exb. 8**

14. There were multiple requests written to OSI. Thane Murphy, Scott Benoit, requesting charges be filed on ~~Defendant~~ roommate[13] Shannon Hollie, Also multiple requests sent to Program Manager Jordan Goodman and also an Appeal to Terry Kneisel Facility Director of MSOP. Appealing the punishment that had been imposed on Plaintiff by Defendants. **See Exb.9 Multiple Request. And Appealing Tier Level Decreased Policy # 215-5014 D-E.** All of this was being done after and willing knowing that Plaintiff had been clear of any wrong doing of any assault or failure to comply and had been viscously assaulted by his roommate. In their individual and official capacity, violated Plaintiff's Fourteenth Amendment (failure to protect) rights resulting in Plaintiff being fail due process rights

---

[11] Despite the facts that Plaintiff Assault was drop and there was evidence indicating from video that Plaintiff never even threw one punch and clearly was assaulted by ~~Defendant~~ (Shannon Hollie). In their individual and official capacities, violated Plaintiff's Fourteenth Amendment (failure to protect and due process) rights from being viciously assaulted.

[12] Please see Client In compatibly Notice of Determination from Client Placement Committee Chair Jordan Goodman, Program Manager date 11/3/2021 Reviewed 10/30/ 2021 Exb.8

[13] Removed the word Defendant and replaced with roommate.

by unconstitutionally punishments with no justification for all the punishments impose on him after willingly knowing Plaintiff had been assaulted. Please see [14] **Ruiz V. Estelle, 503 F.Supp 1265 (1988)**

15.

## CONCLUSION

Plaintiff has repeatedly attempted to have multiple request and appeal set forth above to MSOP administration, to no avail Plaintiff has also attempted on several occasion to have assault charges filed, however none were ever filed in this case. Furthermore Plaintiff requested to have Incompatibility determination done, which resulted in a decision of no in compatibility, which MSOP. (Defendants Kneisel, Goodman, Benoit, Murphy, Immel, Olson, Giannini, Also as both Giannini and Olson lied in their reports that Plaintiff threw punches when video show that Plaintiff never threw a single punch. Plaintiff has suffered injuries to his inner lip of scare tissue and injury to left shoulder See Exb. 5 pictures of assault and medical report of injuries. Plaintiff will have to live with this for the rest of his life and who knows what else will become problematic from this assault that Plaintiff will continue to suffer from present and future irreparable harm by Defendants, due to protect Plaintiff from being viciously assaulted. Plaintiff has suffered both mentally and physical injuries from roommate (Shannon Hollie) and other Defendants mention in this suit has fail to either to take corrective

---

[14] Ruiz V. Estelle, 503 F. Supp 1265 (1988)
State officials have a duty to protect individual from violence and reasonable Fear of Violence.
Constitutional Amendment 14

action or protect Plaintiff from being assaulted by roommate (Shannon Hollie) on October 22,2021[15] In this assault, Defendants Kneisel, Benoit, Murphy, Goodman, Olson, Gianinini, Peterson, Immel were informed by Plaintiff verbally and/or by Client Request of Potential for being assaulted and living in an unsafe living situation by ~~defendant~~ Shannon Hollie. Defendants Kneisel, Benoit, Murphy, Goodman, Olson, Gianinini, ~~Peterson~~[16]Immel acted with willful disregard for Plaintiff's safety under the Fourteenth Amendment. Defendants Kneisel, Benoit, Murphy, Goodman, Olson, Gianinini, Peterson, Immel violated Plaintiff's Fourteenth Amendment rights by not acting on information of accordance with roommates(Shannon Hollie) past history of assaults and present verbal threats made that he wouldn't be responsible for what will happen if they make him move in this room assaults that had been done to others clients by Shannon Hollie ~~(Defendant)~~[17]. Defendants therefore failed to protect Plaintiff from being viciously assaulted.

**16.**

## CLAIMS FOR RELIEF

A. Plaintiff incorporates Paragraphs 1through 16 above by reference in his claims for relief.
B. Defendants acting under Color of Law, including but not limited to policies and procedures thereto, deprived Plaintiff of his rights privileges and immunities secured by Constitution of the United States.
C. Plaintiff was injured as a direct and proximate result of violations of his constitutionally protected rights:
(1.) to be free from unreasonable restriction, and place Omega for no justification was given and was required;
(2.) to be free from assaults by other MSOP clients, which Defendants knew had a documented history of violent assaults;

---

[15] Any and all Exb. can and will be substantiated upon request and /or through Discovery

[16] Correction of name should be Anderson not Peterson
[17] **Removed (Defendant).**

(3.)  to be free from excessive, unjustified placement on Omega especially when proof of video showed Plaintiff was the one viciously assaulted.

### V.

A. All appropriate declaratory and injunctive relief to which Plaintiff is entitled.

B. All appropriate preliminary and permanent injunction enjoining Defendants from the fail to protect from future assaults, **including Plaintiff to remain on a lesser restriction unit or facility that is positive and free of violent clients that is more similar to Plaintiff mental stature.**

C. Judgment in favor of Plaintiff against Defendants, for (damages) in the amount to be determined at trial.

D. Injunctive and declaratory relief enjoining Defendants from further assaults by others clients which Defendants knew or should have known have a documented history of violent assaultive behavior.

E. Such addition relief as the Court may deem just and appropriate.

F. Plaintiff requests a jury trial in this matter and an assigned attorney in this matter.

I (Plaintiff) hereby certify under the penalty of perjury that the above petition is true to the best of (my) information, knowledge and belief.

**Executed on February 2-24-22, 2022**

**RESPECTFULLY SUBMITTED**

*Dale Lindsey*

(Name), Pro Se

1111 Highway 73

Moose Lake, Minnesota 55767-9452