UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DALE ALLEN LINDSEY, | Case No. 22-CV-0413 (NEB/JFD) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO AMEND |
| TERRY KNEISEL; SCOTT BENOIT; THANE MURPHY; JORDAN GOODMAN; ALLISON M. IMMEL; BETH ANDERSON; PHILLIP OLSON; SCOTT GIANNINI; KRISTI L. WAGNER; and SARAH HERRICK, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Dale Allen Lindsey's "Motion for Summary Judgment to add Rebecca Skur back to the Original and Amended Complaint" (Dkt. No. 56). For the following reasons, the Motion is denied without prejudice.

Mr. Lindsey filed his initial Complaint on February 14, 2022. (Dkt. No. 1.) In the caption of that Complaint, he named a group of Defendants that included Rebecca Skur whom he identified as a "1B Clinical Supervisor." (*Id.* at 1.) On February 25, before he had served that initial Complaint on any Defendant, Mr. Lindsey filed an Amended Complaint with several exhibits in which, among other things, Mr. Lindsey removed Defendant Rebecca Skur. (Am. Compl. at 1, n. 1, Dkt. No. 10.) The Amended Complaint superseded the original Complaint and is now the operative pleading in this case.

The remaining Defendants filed a Motion to Dismiss the Amended Complaint on May 9. (Dkt. No. 37.) On May 20, Mr. Lindsey filed a Motion to amend his pleadings,

stating that he would like to "re-add Defendant Rebecca Skur back to the original complaint." (May 20 Mot. at 1, Dkt. No. 45.) Mr. Lindsey noted that new evidence and documents had come to light justifying his amendment. (*Id.*) On May 24, the court denied Mr. Lindsey's Motion without prejudice, noting that Mr. Lindsey had "not explain[ed] the connection between that new evidence and Ms. Skur[.]" (May 24 Order at 2, Dkt. No. 52.) The court also found that Mr. Lindsey's Motion failed to comply with this District's Local Rules in several ways, including that

> [h]e did not file a proposed amended complaint in both clean and redline form—in fact, he did not file a proposed amended complaint in any form—and he did not file a memorandum of law in support of his complaint, nor did he file a meet-and-confer statement. Local Rules 7.1(b) and 15.1 require that all of these documents be filed in connection with a motion to amend a pleading.

(*Id.*) The court explained that the absence of a proposed amended complaint was problematic because the court could not verify what changes Mr. Lindsey wished to make to his pleadings. (*Id.* at 2–3.) Therefore, the court denied Mr. Lindsey's Motion without prejudice, and noted that

> [i]f [Mr. Lindsey] wishes to move the Court for permission to further amend his complaint (which, if allowed, would be designated as his Second Amended Complaint), he must file a new motion together with all of the supporting documents required by Local Rules 7.1(b) and 15.1. The only such document that the Court will not require him to file is a notice of hearing, as the Court will not decide whether it will hold a hearing until after it has reviewed the complete motion papers and determined whether a hearing would be helpful.

(*Id.* at 3.)

Mr. Lindsey filed the instant Motion on June 3, 2022. (Dkt. No. 56.) In his Motion, Plaintiff renews his request and "ask[s] the court under good faith to allow Rebecca Skur

to be added back to the original and amended complaint due to new and critical evidence." (*Id.* at 1.) In his Motion, Mr. Lindsey explains that he "was told that there [were] no records" of Ms. Skur's involvement with the allegations contained in his Complaint, but "after more searches of the records and Data this report that was done by both Kristi Wagner and Rebecca Skur was found[,]" which Mr. Lindsey argues justifies his request to add Ms. Skur back as a Defendant in his pleadings. (*Id.*) Mr. Lindsey has sufficiently connected the new evidence to his request to rejoin Ms. Skur as a Defendant in this action. However, Mr. Lindsey's Motion has several procedural errors that do not permit the Court to proceed with considering his Motion on the merits.

Procedurally, Mr. Lindsey files his Motion under Federal Rule of Civil Procedure 56. (*Id.*) This is not the proper procedural rule governing motions to amend the pleadings. Instead, Federal Rule of Civil Procedure 15 governs amending a party's pleadings. *See* Fed. R. Civ. P. 15. Additionally, while Mr. Lindsey's Motion includes a Memorandum in Support (Dkt. No. 57) and a Meet-and-Confer Statement (Dkt. No. 57-1), it is again deficient under both Local Rules 7.1 and 15.1 of this District. Specifically, Mr. Lindsey's Motion is not accompanied by a proposed order, a copy of the proposed amended pleading, or a redlined version of the proposed amended pleading. Mr. Lindsey was cautioned by the court in its May 20 Order that compliance with these Local Rules is required to amend his pleadings, yet Mr. Lindsey did not follow the court's guidance when he renewed his request to amend his pleadings. The Court reiterates that it is imperative that plaintiffs—including *pro se* plaintiffs—follow the Federal Rules of Civil Procedure and the Local Rules of this District. The Court directs Mr. Lindsey to the Court's resources provided on its website for

*pro se* litigants under "Representing Yourself" found at https://www.mnd.uscourts.gov/representing-yourself.

Accordingly, Mr. Lindsey's Motion for Summary Judgment to add Rebecca Skur back to the Original and Amended Complaint (Dkt. No. 56) is **DENIED WITHOUT PREJUDICE** because it is procedurally deficient. Should Mr. Lindsey wish to move the Court for permission to file a second amended complaint, he must file a new motion that is accompanied by the supporting documents required by Local Rules 7.1(b) and 15.1, with the following exception: should Mr. Lindsey choose to refile his Motion, the Court will not require Mr. Lindsey to file a notice of hearing as required under Rule 7.1(b), as the Court will not decide whether to hold a hearing until it has had an opportunity to review the complete motion papers.

Date: June 6, 2022

s/ *John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge